IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) CARL ROBERT EKLUND | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 14-cv-634-JED-FHM |
| | ) |
| (1) LIFE INSURANCE COMPANY OF NORTH AMERICA, a part of Cigna Group Insurance, | ) ) ) |
| | ) JURY TRIAL DEMANDED |
| | ) |
| Defendant. | ) ATTORNEY'S LIEN CLAIMED |

## COMPLAINT

**COMES NOW** the Plaintiff, **CARL ROBERT EKLUND** ("Eklund"), for his cause of action against Defendant, **LIFE INSURANCE COMPANY OF NORTH AMERICA**, a part of Cigna Group Insurance ("LINA"), alleges and states as follows:

### I. Jurisdiction and Venue

1. This is an action arising under the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §1001 *et seq.*, to recover benefits due under an employee benefit plan for long term disability benefits, and to recover costs and attorney fees as provided by ERISA.

2. This Court has subject matter jurisdiction pursuant to Section 502(e)(1) of ERISA, 29 U.S.C. §1132(e)(1) and 28 U.S.C. §1331. Under Section 502(f) of ERISA, 29 U.S.C. §1132(f), this Court has jurisdiction without regard to the amount in controversy or the citizenship of the parties.

3. Venue is proper in this district pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2), and pursuant to 28 U.S.C. §1391(b), in that a substantial part of the events or omissions giving rise to Eklund's claim occurred in this district.

## II. Parties and the Plan

4. Eklund resides in Sand Springs, Oklahoma and is within this judicial district.

5. At all relevant times, Eklund was employed by Interstate Brands Corporation ("Interstate")within the meaning of Section 3(6) of ERISA, 29 U.S.C. § 1002(6).

6. Interstate provided long term disability ("LTD") insurance coverage to its eligible employees through its Long Term Disability Plan with LINA (the "Plan"). At all relevant times, Eklund was eligible to participate in the Plan, did participate in the Plan, and was a participant in the Plan within the meaning of Section 3(7) of ERISA, 29 U.S.C. §1002(7).

7. The Plan coverage applicable to Eklund was pursuant to a group LTD insurance policy issued by LINA, a part of Cigna Group Insurance, Policy number LK0980004.

8. LINA is a corporation having its principal place of business in Philadelphia, Pennsylvania. At all relevant times, LINA was authorized to do business within the State of Oklahoma and did business within this judicial district and may be served with Summons through the Insurance Commissioner of the State of Oklahoma.

9. Upon information and belief, the Plan at all relevant times was an "insurer administration" type plan pursuant to contract between Interstate and LINA. As such, the Plan is administered by LINA and benefits under the Plan are paid by LINA. Benefit determinations with respect to Eklund under the Plan were, and are, at all times relevant made by LINA.

10. At all relevant times, LINA was, and is, a Plan fiduciary within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. §1002(21)(A).

18.  Eklund, through counsel, requested on August 16, 2012 that LINA reconsider its denial of his claim for LTD benefits. In support of his request, Eklund identified his treating medical sources with supplemental reports, records and information that refuted LINA's basis for denial by the very doctors LINA relied upon. Eklund has supplied all requested medical records and reports that reflected LINA's continued denial of long term disability benefits (Exhibits 2-27 which are incorporated herein as if fully set out).

19.  In December 2007, the Social Security Administration found that Eklund was disabled, that he became disabled on June 2007, and that he would be entitled to a monthly benefit of $2,133. Eklund continues to receive his Social Security disability benefits.

20.  Copies of all denials and responses are attached which demonstrate that LINA's reliance on medical records and alleged oral reports were not correct, as the actual treating doctors refuted the position of LINA (Exhibit 1-27 incorporated herein).

21.  By letter dated June 5, 2014, LINA upheld its improper and unsupported decision to deny Eklund's claims for continued long term disability benefits (Exhibit 27).

22.  Eklund has exhausted his administrative remedies under the Plan and now brings this action.

### IV. Statement of Claims
#### First Claim
#### ERISA - Improper Denial of Benefits

23.  Eklund repeats each and every allegation contained in paragraphs 1 through 22 of this Complaint as though set forth at length herein and further alleges:

24.  At all relevant times, the terms of the Plan require payment of Long term disability benefits to Eklund due to his debilitating physical injuries and sickness.

III. Allegations Applicable to All Claims

11. Eklund was a long term employee of Interstate, and was hired by Interstate on or about October 1978 and was last employed by Interstate in May 2007 as chief engineer when his disabilities prevented him from continuing work.

12. Eklund's monthly rate of pay at the time of his last employment was $6,250.00 and his annual rate of pay was $75,000.00 plus bonuses.

13. As a result of his diagnosed disk injuries and disk disease in conjunction with all other systemic issues, Eklund became physically unable to work on or about May 2007.

14. On or about May 2007, Eklund applied to LINA for long term disability benefits pursuant to the Plan while receiving short term disability paid by Interstate at his full salary.

15. At the time, LINA also advised Eklund that he should apply for Social Security Disability Benefits, which benefits were subsequently awarded by the Social Security Administration. LINA has at all time relevant to this matter had Eklund's Social Security disability file yet subsequently denied Eklund's continued long term disability benefits and income.

16. LINA initially denied Eklund's long term disability application for a period of approximately 18 months. Subsequently, LINA reversed its initial denial and awarded Eklund his long term disability with back pay to May 2007 in November 2008. Eklund continued to receive his long term disability payments (offsetting Social Security Disability benefits) for November 2008 until LINA improperly denied Eklund continued benefits on July 24, 2012.

17. By letter dated July 24, 2012, LINA denied Eklund's claim for continued long term disability benefits pursuant to the Plan with an effective last payment of August 23, 2012 (Exhibit 1).

25. The failure of LINA to pay Long term disability benefits to Eklund due to his multiple debilitating physical conditions is contrary to the terms of the Plan and the medical reports and records. The denial of continued benefits from June 24, 2012 is wrong and/or arbitrary and capricious.

26. Eklund seeks a declaration and award from this Court that he is entitled to the Long term disability disability benefits due him under the Plan, and an Order that all back pay and future disability benefits (and related other employee benefits) should be paid pursuant to the terms of the Plan.

27. By reason of LINA's erroneous, unreasonable, and/or arbitrary and capricious claim decision, Eklund has been forced to retain an attorney to secure disability benefits due him under the terms of the Plan, for which Eklund has, and will incur attorney fees and costs. Eklund is entitled to recover the reasonable attorney fees and costs of this action, pursuant to Section 502(g)(1) of ERISA, 29 U.S.C. §1132(g)(1).

**WHEREFORE**, Plaintiff, Carl Robert Eklund demands judgment against Defendant, Life Insurance Company of North America, a part of Cigna Group Insurance:

(A) for a declaration and judgment that Defendant improperly terminated his Long term disability benefits, and that Plaintiff is entitled to receive the amount of benefits due under the terms of the Plan that have not been paid, together with continued benefits, pre-judgment and post-judgment interest thereon;

(B) for a declaration that all past due benefits from July 24, 2012 and all future disability benefits (and related other employee benefits) be paid pursuant to the terms of the Plan;

(C)  for the costs of this action and Plaintiff's attorney fees, pursuant to Section 502(g) of ERISA, 29 U.S.C. §1132(g); and,

(D)  for such other and further relief as may be deemed just and proper by the Court.

By: /s/ Randall A. Gill
**RANDALL A. GILL**, OBA #10309
2512 East 21st Street
Tulsa, Oklahoma 74114-1706
(918) 747-1958
(918) 747-1108 fax
*Attorney for Plaintiff, Carl Robert Eklund*